WESTON & McELVAIN LLP
Richard C. Weston (State Bar No. 126491)
Wynn C. Kaneshiro (State Bar No. 166683)
Bryan Rhie (State Bar No. 285357)
601 S. Figueroa Street, Suite 2350
Los Angeles, CA 90017
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
Email: rweston@wmattorneys.com
wckaneshiro@wmattorneys.com
brhie@wmattorneys.com

Attorneys for Defendant **TRAVELERS COMMERCIAL INSURANCE COMPANY (erroneously sued as The Travelers Commercial Insurance Company)**

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

THEODORE NOWAK, an individual,

Plaintiff,

vs.

THE TRAVELERS COMMERCIAL INSURANCE COMPANY, and DOES 1 through 50, inclusive,

Defendant.

CASE NO. '15CV0909 W DHB

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY) BY DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY; EXHIBITS "1" THROUGH "3"**

[Filed concurrently with Declaration of Bryan Rhie]

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Travelers Commercial Insurance Company, erroneously sued as The Travelers Commercial Insurance Company, (hereinafter "Travelers") hereby removes to this Court the state court action described below.

1. On March 16, 2015, Plaintiff Theodore Nowak (hereinafter "Plaintiff") filed an action in San Diego County Superior Court entitled Theodore Nowak v. The Travelers Commercial Insurance Company, et al., Case No. 37-2015-00009139-CU-BC-CTL (hereinafter "State Action"). A true and correct copy of the State Action

Complaint is attached hereto as Exhibit "1".

2. On March 25, 2015, Plaintiff personally served a copy of the Summons and Complaint in the State Action on Corporation Service Company (hereinafter "CSC"), Travelers' agent for service of process in California. Attached hereto as Exhibit "2" is a true and correct copy of the Notice of Service Process from CSC dated March 25, 2015.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Travelers pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000. There is complete diversity of citizenship between Plaintiff and the sole defendant, Travelers.

4. Travelers hereby removes this action to the Southern District as the State Action was pending in the San Diego County Superior Court. Removal is within 30 days of service on Travelers (i.e., March 25, 2015) and within one year from the date the Complaint was filed on March 16, 2015.

5. Travelers is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of Connecticut, and maintains its principal place of business in Hartford, Connecticut. [Declaration of Bryan Rhie (hereinafter "Rhie Decl."), ¶ 2 and Exhibit "4" attached thereto.]

6. Plaintiff Theodore Nowak is, and at all times relevant herein was, a citizen of the State of California. [Complaint, ¶ 1; Rhie Decl., ¶¶ 3-5 and Exhibit "5" attached thereto.]

7. Plaintiff seeks in excess of $75,000 from Travelers. Plaintiff brings the following causes of action against Travelers: (1) breach of the implied covenant of good faith and fair dealing; (2) breach of contract; and (3) fraud. Plaintiff seeks general and special damages, attorneys' fees, and costs and fees. Plaintiff also claims entitlement to punitive damages.

8. Plaintiff alleges that Travelers failed to pay policy benefits owed under an insurance policy issued by Travelers, which covered Plaintiff's property. [Complaint, ¶¶ 5, 21, 29.] According to Plaintiff, on February 17, 2014, Plaintiff's residence located at 363 Morehouse Place in Chula Vista, California, was damaged by a "sudden, enormous water loss" caused by a pipe burst. [Complaint, ¶¶ 1, 7.] A plumbing company hired by Plaintiff determined that the water was coming from inside a wall, prompting them to cut open the drywall that was behind the bathroom shower. [Complaint, ¶ 9.] Plaintiff claims that Travelers denied the claim on grounds that the loss was caused by a long term leak. [Complaint, ¶ 19-20.] Plaintiff contends that the loss should have been covered as it was a sudden and accidental leak. [Complaint, ¶¶ 13-14, 19.] Plaintiff alleges that Travelers failed to pay policy benefits owed to Plaintiff, and that Travelers acted in bad faith during the claim handling. [Complaint, ¶¶ 21-22, 29.] Plaintiff also alleges that Travelers committed fraud by making misrepresentations concerning the cause of the leak and its damages. [Complaint, ¶¶ 32-36.] Based thereon, Plaintiff prays for general and special damages, attorneys' fees, costs and fees, and punitive damages. [Complaint, at 10:4-10:11.]

9. On April 10, 2015, Travelers' counsel contacted Plaintiff's counsel regarding the amount in controversy. Plaintiff's counsel subsequently confirmed that the amount in controversy exceeds $75,000 and that Plaintiff will seek in excess of $75,000 in damages against Travelers. Further, Plaintiff's counsel signed a declaration confirming that the amount in controversy is in excess of $75,000. [Rhie Decl., ¶ 7 and Declaration of John T. Richards attached as Exhibit "6" thereto.]. Accordingly, the amount in controversy in this action unquestionably exceeds $75,000, the minimum amount for jurisdiction in this Court.

10. The documents attached hereto as Exhibit "3" represent all notices, process, and proceedings filed in the State Action received by Travelers that have not been mentioned above: (1) Summons of the Complaint filed on March 16, 2015

that was served on Travelers; (2) Civil Case Cover Sheet filed by Plaintiff on March 16, 2015; (3) Notice of Related case filed by Plaintiff on March 16, 2015; (4) Notice of Case Assignment and Case Management Conference; (5) Notice of Eligibility to eFile and Assignment to Imaging Department; and (6) ADR information packet.

Dated: April 23, 2015

Respectfully submitted,
WESTON & McELVAIN LLP

By: s/ Bryan Rhie
Richard C. Weston
Wynn C. Kaneshiro
Bryan Rhie
Attorneys for Defendant
**TRAVELERS COMMERCIAL INSURANCE COMPANY (erroneously sued as The Travelers Commercial Insurance Company)**

# EXHIBIT "1"

JOHN T. RICHARDS, ESQ. SBN#159875
John T. Richards, APLC
101 West Broadway, Suite 1950
San Diego, CA 92101
Tel: 619-237-9800
Fax: 619-238-9914
Email: jtrlaw@aol.com

Attorney for Plaintiff,
THEODORE NOWAK

FILED
Clerk of the Superior Court
MAR 16 2015
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

THEODORE NOWAK, an individual

Plaintiff,

v.

THE TRAVELERS COMMERCIAL INSURANCE COMPANY, and DOES 1 through 50, inclusive,

Defendant.

CASE NO.: 37-2015-00009139-CU-BC-CTL

COMPLAINT FOR:

1. Breach of the Implied Covenant of Good Faith and Fair Dealing
2. Breach of Contract
3. Fraud

COMES NOW Plaintiff who alleges:

**FIRST CAUSE OF ACTION AGAINST THE TRAVELERS COMMERCIAL INSURANCE COMPANY, AND DOES 1 THROUGH 50, INCLUSIVE, FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

1. Plaintiff THEODORE NOWAK (hereinafter "Plaintiff") is an elderly individual who resides at his property located at 363 Morehouse Place, Chula Vista, CA 91911, County of San Diego. The contract of insurance was entered into in said county, the torts hereinafter alleged occurred, in part, in said county. Venue therefore is properly set in San Diego County.

2. Plaintiff is informed and believes and based thereon alleges that Defendant TRAVELERS COMMERCIAL INSURANCE COMPANY (hereinafter "TRAVELERS") is an insurer licensed and authorized to sell insurance in California and adjust claims arising therefrom in said state. The torts alleged by Plaintiff against said Defendant were committed by TRAVELERS claims personnel in San Diego, California.

3. That the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and legally caused injury and damages proximately thereby to Plaintiff, as alleged herein.

4. That at all times herein mentioned, Defendants, and each of them, were the agents and employees of each of the remaining Defendants, and were at all times acting within the purpose and scope of said agency and employment, and each such described Defendant has ratified and approved the acts of his agent or employee.

5. At all times herein mentioned Plaintiff's home was insured under an insurance policy issued by TRAVELERS. Policy No. 0XL306991303173633-1, among other things, insured against the risk of direct physical loss to the property that resulted from a fire or water damage. Plaintiff does not have a copy of this policy which is in the exclusive control of Defendant. Plaintiff will amend this pleading to attach said policy of insurance when it is acquired by Plaintiff.

6. Plaintiff has paid all premiums due under said policy to Defendant. At all relevant times herein mentioned and have performed all obligations under said insurance policy on Plaintiffs' part to be performed.

7. In and about February 17, 2014, there was a sudden, enormous water loss causing water damage to Plaintiff's property and flooring. This sudden discharge of water was caused by a burst pipe and is a covered peril under the insurance policy issued to Plaintiff by TRAVELERS.

8. Initially, Plaintiff called Start to Finish Restoration Services (hereinafter "START TO FINISH") to request a plumber to come to the property to provide emergency services including stopping the water loss. The initial call to START TO FINISH was received by head plumber Dominic Carr who dispatched two of his assistants to the property.

9. START TO FINISH determined that the water was coming from inside of a wall. Based on that observation, the assistants sent to the property cut open the drywall in the guest bedroom which was behind the master bathroom shower. The assistants found a Quest pipe which is a hot water line that had burst and caused the damage. As a result, the assistants shut off the water to the property and recommended replacing the piping with copper.

10. Plaintiff agreed to have START TO FINISH replace the plumbing with copper which cost about $30,000.

11. It is well known in the plumbing and insurance industries that polybutylene pipes manufactured by Quest are prone to sudden and accidental failure. Quest has been a very public defendant in numerous class action lawsuits regarding these defects.

12. Thereafter, TRAVELERS assigned adjuster, Timothy Harris, to investigate the scope of work and estimate the damage for repairs. TRAVELERS initially declared the loss

"Not covered under its policy of a long term leak" without any justification, factual basis, or expert opinion but then offered to have Plaintiff provide any additional information to the contrary.

13. Plaintiff hired a Public Adjuster to represent his interest in the insurance claims process. The Public Adjuster talked with both Plaintiff and head plumber Dominic Carr who agreed that the water loss was a sudden and accidental occurrence.

14. On April 18, 2014, Mr. Carr provided a report that said he was the first plumber on the scene and who clearly stated that this loss was caused by a sudden and accidental leak from a burst Quest pipe.

15. Subsequently, TRAVELERS re-assigned the file to adjuster Dana Shutt who immediately took on an adversarial, unhelpful, and obstructive demeanor and refused to walk the site with the Public Adjuster.

16. Plaintiff alleges that Defendant TRAVELERS used a scheme of switching cases between multiple adjusters to delay resolution of the case and place Plaintiff in financial difficulty; all to force their insured's to accept TRAVELERS low ball offer settlement.

17. Plaintiff also alleges that Defendant TRAVELERS specifically assigned cases in San Diego County where the insured sought assistance of a Public Adjuster to Dana Shutt, who was instructed to, and did delay claims, fail to respond to the Public Adjuster's calls and letters, and otherwise obstructed the claims process in order to punish the insured for obtaining competent representation.

18. Adjuster Shutt accepted the April 18, 2014 report of Mr. Carr and promised to consider his opinions.

19. Defendant TRAVELERS knew that the loss was causes by a sudden discharge from a burst Quest pipe and knew the only witness to the discharge, Plumber Dominic Carr, shared the opinion that this was a sudden and accidental discharge from a burst pipe. Nonetheless, TRAVELERS, through Adjuster Shutt, fraudulently maintained that this was a "long term leak" and refused to acknowledge the opinion of the only witness to the leak, Mr. Carr.

20. On May 6, 2014, TRAVELERS denied the claim fraudulently without any factual basis to do so.

21. Notwithstanding their obligation to do so, TRAVELERS have failed and refused to pay Plaintiff the monies owing him despite demand therefore. Said failures and refusals constitute a material breach of the insurance policy.

22. Plaintiff is informed and believes and based thereon alleges that TRAVELERS have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

a. TRAVELERS adjuster refused to fairly and honestly evaluate the claim;

b. TRAVELERS is unreasonably delayed in adjusting the claim;

c. TRAVELERS sent the claim to appraisal inappropriately further delaying the process;

d. TRAVELERS refused to identify their experts handling the appraisal;

e. TRAVELERS refused to respond in good faith to the inquiries of Plaintiff

f. TRAVELERS low-balled portions of the claim;

g. Despite the fact that the TRAVELERS adjuster had physically reviewed the scope of work at the premises, they refused to pay monies they had previously

agreed to pay, demanding unnecessary, irrelevant written documentation from the vendor and the insured;

h. TRAVELERS willfully violated California Code of Regulations Title 10 § 2695 et seq.;

i. TRAVELERS has an unfair business practice of overloading their adjusters with claims files so that claims are unreasonably delayed and adjusters create spurious reasons for denial such as what was done to Plaintiff;

j. TRAVELERS has an unfair business practice of continually switching adjusters on a claim, such as was done here, in order to delay the processing and resolution of claims;

k. TRAVELERS refused to provide a defense;

l. TRAVELERS has an unfair business practice of pressuring their overworked adjusters;

m. TRAVELERS refused to pay amounts necessary to return premises to its pre-loss condition, including but not limited to, hot water pipes

n. TRAVELERS has an unfair business practice of punishing people who hire representation through Public Adjusters by behaving in an uncooperative and belligerent demeanor toward said Public Adjuster; refusing to return their calls; demanding that they supply unnecessary documentation as a way to delay their claims; making arbitrary and capricious decisions; failing to pay full value on claims; low balling offers to settle, and generally behaving in a manner designed to encourage their insured and future insured's, not to seek representation during a loss; and

o. Failing to establish and adhere to a clearly defined scope of work.

23. Plaintiff is informed and believes and based thereon alleges that TRAVELERS has committed other as of yet unknown acts of bad faith. As soon as these wrongful actions are discovered, Plaintiff will seek leave of court to amend this complaint.

24. As a further legal result of TRAVELERS' bad faith, Plaintiff has suffered the imposition of costs and expenses, has been required to hire experts and attorneys (incurring attorneys fees) and have suffered anger, humiliation, chagrin, despair, fear, sleeplessness and other great emotional distress in at an amount to be proven at trial. Leave of court will be sought to amend the complaint as soon as the full extent of said damages is ascertained.

25. As a further legal result, Plaintiff has suffered general damages including emotional distress.

26. As a legal result of TRAVELERS, and each of their intentional acts of malice, fraud, oppression and conscious disregard of Plaintiffs' rights as alleged above, ratified by managerial level employees of TRAVELERS clothed with the authority to resolve claims, including Dana Shutt, Technical Specialist, as well as senior executives of TRAVELERS, Plaintiff is entitled to the imposition of punitive damages to punish TRAVELERS and to deter future acts of misconduct in an amount necessary to accomplish these ends.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT TRAVELERS AND DOES 1 THROUGH 50**

27. Plaintiff incorporates by reference herein paragraphs 1 through 26, inclusive, of the First Cause of Action as though set forth fully at length herein.

28. Plaintiff entered into an insurance contract with TRAVELERS. As part of this contract, they promised to indemnify Plaintiff for damages caused by the water loss and provide a defense and indemnity to Plaintiff against lawsuits brought as a result of covered loss.

29. TRAVELERS breached the contract by failing to timely adjust the loss and by failing to make other fair payments under covered afforded Plaintiff and by failing to provide a defense and indemnification.

30. As a legal result of TRAVELERS' breach of contract, Plaintiff has been cheated out of the insurance proceeds which should have been paid, and forced to incur attorney fees and costs in a sum in excess of the jurisdictional limits of this court.

**THIRD CAUSE OF ACTION FOR FRAUD AGAINST DEFENDANT TRAVELERS AND DOES 1 THROUGH 50**

31. Plaintiff incorporates by reference herein paragraphs 1 through 30, inclusive, of the First Cause of Action as though set forth fully at length herein.

32. Plaintiff alleges that Defendant TRAVELERS committed fraud after knowing that Plaintiff had Quest pipes that caused the sudden and accidental leak but misrepresenting the cause of the leak as "long term damage" that would not be covered under the current insurance policy agreement.

33. Defendant TRAVELERS made this misrepresentation with no factual basis as the only licensed plumber to view and repair the burst Quest pipe stated that this was a sudden and accidental discharge.

34. Plaintiff further alleges that TRAVELERS made representations of material facts by claiming that "physical damages to the property showed signs of long term leakage and seepage" without providing any justification, factual basis, or expert opinion.

35. The statements by TRAVELERS were in fact false as the plumber Dominic Carr stated based on his expert opinion that the damage was the result of a sudden discharge from a burst Quest pipe.

36. When TRAVELERS made the representations of material fact, they knew the facts were false because they had knowledge of the expert opinion provided by Dominic Carr. Additionally, TRAVELERS knew that Quest has been a public defendant in numerous class action lawsuits for its faulty pipes that are prone to sudden and accidental leaks. TRAVELERS misrepresented the facts with the intent to defraud the Plaintiff and deny coverage of the leak and damage to the property.

37. Plaintiff detrimentally relied on this misrepresentation and paid out of pocket $30,000 for repairs that should have been covered under the policy.

38. As a further legal result of TRAVELERS' bad faith, Plaintiff has suffered the imposition of costs and expense, has been required to hire experts and attorneys (incurring attorneys fees) and have suffered anger, humiliation, chagrin, despair, fear, sleeplessness and other great emotional distress in at an amount to be proven at trial. Leave of court will be sought to amend the complaint as soon as the full extent of said damages is ascertained.

39. As a further legal result, Plaintiff has suffered general damages including emotional distress.

40. As a legal result of TRAVELERS, and each of their intentional acts of malice, fraud, oppression and conscious disregard of Plaintiffs' rights as alleged above, ratified by managerial level employees of TRAVELERS clothed with the authority to resolve claims, including Dana Shutt, Technical Specialist, as well as senior executives of TRAVELERS,

Plaintiff is entitled to the imposition of punitive damages to punish TRAVELERS and to deter future acts of misconduct in an amount necessary to accomplish these ends.

**WHEREFORE**, Plaintiff prays:

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial;
3. For attorneys fees;
4. For costs and fees incurred herein;
5. For punitive damages in a sum necessary to punish and deter future misconduct;
6. For such other and further relief as the court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY IN THE ABOVE MATTER

DATED: March 13, 2015

John T. Richards, ESQ.
Attorney for Plaintiff,
THEODORE NOWAK

# EXHIBIT "2"



CORPORATION SERVICE COMPANY®

**TMM / ALL**
**Transmittal Number: 13611718**
**Date Processed: 03/25/2015**

# Notice of Service of Process

**Primary Contact:** Pamela Hoff
The Travelers Companies, Inc.
385 Washington Street, MC 515A
Saint Paul, MN 55102

| | |
|---|---|
| **Entity:** | Travelers Commercial Insurance Company<br>Entity ID Number 2317368 |
| **Entity Served:** | Travelers Commercial Insurance Company |
| **Title of Action:** | Theodore Nowak vs. Travelers Commercial Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2015-000091 39-CU-BC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/25/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | John T. Richards<br>619-237-9800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# EXHIBIT "3"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Clerk of the Superior Court
MAR 16 2015
By ____________, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
TRAVELERS COMMERCIAL INSURANCE COMPANY and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
THEODORE NOWAK, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of San Diego, Central Division
330 West Broadway, San Diego, CA 92101

CASE NUMBER: *(Número del Caso):* 37-2015-00009139-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John T. Richards, Esq. 101 West Broadway, Suite 1950, San Diego, CA 92101, 619-237-9800

DATE: *(Fecha)* MAR 18 2015 Clerk, by *(Secretario)* L. Uriarte, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Travelers Commercial Insurance Company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: business entity form unknown
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
John T. Richards, Esq. SBN #159875
JOHN T. RICHARDS, APLC
101 West Broadway, Suite 1950, San Diego, CA 92101

TELEPHONE NO.: 619-237-9800 FAX NO.: 619-238-9914
ATTORNEY FOR (Name): Theodore Nowak

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court
MAR 16 2015
Depu

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
Nowak v. Travelers Commercial Insurance Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2015-00009139-CU-BC-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☑ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive

4. Number of causes of action *(specify)*: 3

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2015
John T. Richards, Esq.
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
John T. Richards, Esq. SBN #159875
JOHN T. RICHARDS, APLC
101 West Broadway, Suite 1950, San Diego, CA 92101

TELEPHONE NO.: 619-237-9800 FAX NO. *(Optional)*: 619-238-9914
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Theodore Nowak

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
MAR 16 2015
By: L. URIARTE, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: Theodore Nowak

DEFENDANT/RESPONDENT: Travelers Commercial Insurance Company

CASE NUMBER: 37-2015-00009139-CU-BC-CTL

JUDICIAL OFFICER:

DEPT.:

## NOTICE OF RELATED CASE

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: JACC v. The Travelers Indemnity Company of Connecticut
   b. Case number: 37-2015-00005434-CU-PO-CTL
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address)*:
   d. Department: C-66
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify)*:
   f. Filing date: 2/13/2015
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      [✓] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
      [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title: Mejia v. The Travelers Casualty Insurance Company of America
   b. Case number: 37-2015-00007380-CU-BC-CTL
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address)*:
   d. Department: C-69

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

NOTICE OF RELATED CASE

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: Theodore Nowak | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Travelers Commercial Insurance Company | |

2. *(continued)*
   - e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:
   - f. Filing date: 3/3/2015
   - g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   - h. Relationship of this case to the case referenced above *(check all that apply)*:
     - ☑ involves the same parties and is based on the same or similar claims.
     - ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
     - ☐ involves claims against, title to, possession of, or damages to the same property.
     - ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       - ☐ Additional explanation is attached in attachment 2h
   - i. Status of case:
     - ☑ pending
     - ☐ dismissed ☐ with ☐ without prejudice
     - ☐ disposed of by judgment

3. a. Title: Greenfield Drive Apartments v. Travelers Casualty Insurance Company, et al.
   - b. Case number: 37-2015-00007374-CU-NP-CTL
   - c. Court: ☑ same as above
     - ☐ other state or federal court *(name and address)*:
   - d. Department: C-71
   - e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:
   - f. Filing date: 3/4/2015
   - g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   - h. Relationship of this case to the case referenced above *(check all that apply)*:
     - ☑ involves the same parties and is based on the same or similar claims.
     - ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
     - ☐ involves claims against, title to, possession of, or damages to the same property.
     - ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
       - ☐ Additional explanation is attached in attachment 3h
   - i. Status of case:
     - ☑ pending
     - ☐ dismissed ☐ with ☐ without prejudice
     - ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: ______

Date: March 13, 2015

John T. Richards, Esq.
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: Theodore Nowak | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Travelers Commercial Insurance Company | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the* **Notice of Related Case** *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Street address:
      City:
      State and zip code:
   b. Name of person served:
      Street address:
      City:
      State and zip code:
   c. Name of person served:
      Street address:
      City:
      State and zip code:
   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7072

PLAINTIFF(S) / PETITIONER(S): Theodore Nowak

DEFENDANT(S) / RESPONDENT(S): The Travelers Commercial Insurance Company

NOWAK VS. THE TRAVELERS COMMERCIAL INSURANCE COMPANY

**NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE**

CASE NUMBER: 37-2015-00009139-CU-BC-CTL

**CASE ASSIGNMENT**

Judge: Timothy Taylor

Department: C-72

**COMPLAINT/PETITION FILED:** 03/16/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/21/2015 | 09:15 am | C-72 | Timothy Taylor |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2015-00009139-CU-BC-CTL CASE TITLE: Nowak vs. The Travelers Commercial Insurance Company

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Theodore Nowak | |
| DEFENDANT(S): The Travelers Commercial Insurance Company | |
| SHORT TITLE: NOWAK VS. THE TRAVELERS COMMERCIAL INSURANCE COMPANY | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2015-00009139-CU-BC-CTL |

Judge: Timothy Taylor

Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Non-binding private arbitration

☐ Mediation (private)

☐ Binding private arbitration

☐ Voluntary settlement conference (private)

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________

______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

______________________

______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________

Date: ______________________

______________________
Name of Plaintiff

______________________
Name of Defendant

______________________
Signature

______________________
Signature

______________________
Name of Plaintiff's Attorney

______________________
Name of Defendant's Attorney

______________________
Signature

______________________
Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/18/2015

______________________
JUDGE OF THE SUPERIOR COURT